UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY PAUL SMITH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BROCKWAY, et al.,<br><br>　　　　　Defendants. | No. 2:22-cv-1932 DAD KJN P<br><br><br>ORDER TO SHOW CAUSE |

　　　　Plaintiff is a state prisoner, proceeding pro se. On November 1, 2022, plaintiff was ordered to file a completed in forma pauperis affidavit and a certified copy of his prison trust account statement and was cautioned that failure to do so would result in a recommendation that this action be dismissed. However, on November 17, 2022, plaintiff filed a document claiming he filed his action in state court, but then plaintiff appears to address matters filed and pending in his earlier action, Smith v. Brockway, No. 21-1992 KJM AC (E.D. Cal.). (ECF No. 9 at 1-2.)

　　　　Review of the court docket confirms that the complaint filed in this action was directed to the Amador County Superior Court. (ECF No. 1.) The last page of the complaint is a copy of the Clerk's Notice, dated October 19, 2022, informing plaintiff that the document could not be filed because plaintiff was required to submit the document through E-Filing, so the document was returned to plaintiff for re-submission through E-Filing. (ECF No. 1 at 6.) On October 27, 2022, plaintiff then E-Filed the complaint to this court, without any case number noted, and the district

court clerk opened it as a new action, assigning it case no. 2:22-cv-1932 DAD KJN P.[1]  (ECF No. 1.)  It is unclear whether plaintiff intended to file the complaint in his earlier-filed case, No. 21-1992 KJM AC, or whether he was attempting to file it with the Amador County Superior Court.

On November 8, 2022, plaintiff filed a document bearing both the instant case number as well as the number for his earlier-filed case, No. 21-1992 KJM AC, stating he tried to file the enclosed documents, but they were returned by the court clerk unfiled.  Plaintiff objected that he was not attempting to file a new case, but rather was apparently sending documents for filing in his pending case, and then again discussed matters related to his earlier § 1983 case.

Thus, it appears that this action may have been improvidently opened as a new case.  In an abundance of caution, plaintiff shall show cause why this action should not be terminated as improvidently opened.  The court will not direct that any of the instant filings be re-filed in plaintiff's pending case, No. 21-1992 KJM AC, because such filings were filed in both cases, and the complaint submitted in this case appears directed to the Amador County Superior Court, and plaintiff states he filed his action in state court.  (ECF No. 9 at 1.)

Therefore, plaintiff shall show cause, if any he has, why this action should not be terminated because it was improvidently opened as a new case.  In the alternative, plaintiff may request a voluntary dismissal of this action.  Plaintiff is cautioned that failure to respond to this order will result in the termination of this action.

Accordingly, IT IS HEREBY ORDERED that plaintiff show cause, within twenty-one days why this action should not be terminated because it was improvidently opened as a new case.

Dated:  December 16, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/smit1932.osc

---

[1] Plaintiff claims he was just doing what the court told him to do, but it is unclear why he was submitting a complaint directed to the Amador County Superior Court for filing in the U.S. District Court.  It is plaintiff's responsibility as a pro se litigator to ensure his court filings are directed to the appropriate court.  However, the undersigned apologizes to plaintiff for any confusion caused by the return of his documents and the improper opening of a new action.